NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JESUS MALDONADO-ORTEGA,

                Petitioner,

       v.

STEVIE KNIGHT,

                Respondent.

Civil Action No. 22-5801 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Jesus Maldonado-Ortega pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government also filed a response to the petition (ECF No. 11), to which Petitioner did not reply. (ECF Docket Sheet.) For the following reasons, this Court will deny the petition.

I.      BACKGROUND

Petitioner is a federal prisoner currently confined in Fort Dix. (ECF No. 1.) In his petition, Petitioner asserts that, at the time he pled guilty to being an illegal alien in possession of a firearm in 2010, he did not know that he was a member of a prohibited category of person, and that his firearms conviction must be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019). *Id.*

Petitioner's current incarceration arises out of a negotiated guilty plea he entered in 2010 to charges including illegal re-entry after deportation, possession with intent to distribute methamphetamine, and being an alien illegally in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A), the charge Petitioner now seeks to challenge. (*See* ECF No. 11-2 at 2.) Petitioner pled guilty to all three charges in August 2010, in the District of Kansas. (*See* ECF No. 11-1.) In pleading guilty to those charges, Petitioner admitted that he was an alien, who had previously been deported from the United States, and who thereafter illegally re-entered the United States without first seeking and receiving permission to do so. (*Id.* at 6.) In entering his guilty plea, Petitioner also stipulated to a factual basis in his plea agreement which indicated that Petitioner had illegally re-entered the United States in 2010 following a previous deportation without seeking permission to enter the United States, and thereafter intentionally obtained weapons illegally. (ECF No. 11-2 at 3-4.)

Petitioner's guilty plea, however, was not his first time being subjected to deportation related charges. According to Petitioner's PSR, he was previously deported from the United States on multiple occasions, and, prior to his arrest in 2010, had been previously convicted of illegal re-entry following deportation in 2002, 2003, and 2007. (PSR at ¶ 55, 62, 65.) Petitioner acknowledged this history, and his knowledge of his illegal re-entry status, during interviews following his arrest. (PSR at ¶ 15.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

### III.    DISCUSSION

In his current petition, Petitioner seeks to challenge his § 922(g) conviction pursuant to *Rehaif* as he was not required to admit during his plea colloquy that he knew he was an illegal alien. While a § 2241 habeas petition may properly be used to challenge the execution of a criminal sentence, such a petition may normally not be used to challenge the validity of the conviction or sentence themselves. *See, e.g., Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

Notably, a prisoner may instead challenge his conviction through a § 2241 petition filed in his district of confinement when he can show that the remedy available through a § 2255 motion is inadequate or ineffective to test the legality of his detention. *Id.; see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). The § 2255 remedy will only be inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255. This exception is extremely narrow and applies only in rare circumstances." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52. The § 2255 remedy will not be inadequate or ineffective merely because the petitioner cannot meet that statute's gatekeeping requirements, and will instead be inadequate only in the rare circumstances where an intervening change of law renders a given conviction unlawful *and* the petitioner was deprived of

3

a previous opportunity to raise a challenge on that basis. *Dorsainvil*, 119 F.3d at 251-52. A petitioner seeking to use § 2241 must therefore assert "a claim of actual innocence [based] on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision . . . that applies retroactively on collateral review" and is "otherwise barred from challenging the legality of the conviction under § 2255 . . . [as he] had no earlier opportunity to challenge his conviction" on the basis of the intervening change in law. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (internal quotations omitted).

Here, it is clear that Petitioner had no earlier opportunity to raise his *Rehaif* claim as he was convicted, and had his § 2255 motion denied, well before *Rehaif* was decided. Thus, if Petitioner could show that he was, in fact, actually innocent in light of Rehaif, his claim would arguably meet the *Dorsainvil* exception. The applicability of the *Dorsainvil* exception thus turns on whether Petitioner has presented a claim of actual innocence – i.e. a claim asserting that he is factually innocent of the § 922(g) charge and "it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). However, a *Rehaif* error alone does not establish that the petitioner is actually innocent and that his conviction must be overturned. *See, e.g., Greer v. United States*, --- U.S. ---, ---, 141 S. Ct. 2090, 2098 (2021).

In *Rehaif*, the Supreme Court held that, in order to be found guilty of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g), the Government must show that a criminal defendant knew that he fell into one of the categories of people barred from possessing a firearm, such as an alien unlawfully present in the United States, at the time that he knowingly possessed a firearm. 139 S. Ct. at 2194, 2200. *Rehaif*, however, "did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." *Guerrero v. Quay*, No. 20-39, 2020 WL 1330667, at *4 (M.D. Pa. Mar. 23, 2020) (quoting *United States v. Bowens*, 938 F.3d 790, 797

4

(6th Cir. 2019)). A petitioner will not be entitled to relief under *Rehaif* unless he can show that he was actually prejudiced by the alleged error – i.e. that a jury would not have convicted him had it been instructed that it had to find he knew of his prohibited status. *Greer*, 141 S. Ct. at 2098. Demonstrating such prejudice "will be difficult for most" who have a relevant previous conviction as those who have been convicted previously are generally aware of those convictions. *Id.* Thus, *Rehaif* provides no avenue for relief, let alone a basis for finding actual innocence, unless the petitioner at the very least shows some basis for concluding a jury would have found that he did not know he was a prohibited person at the time he possessed the firearm. *Id.* Where the record contains evidence that an alien knew he was illegally in the United States – such as admissions of illegal status to the police – an alien will be unable to show actual innocence. *See United States v. De Castro*, 49 F.4th 836, 847-48 (3d Cir. 2022).

In this matter, Petitioner has failed to provide the Court with a basis to conclude that a jury, faced with his case, would not have found him guilty. The factual background in Petitioner's PSR clearly indicate that he admitted his knowledge of his illegal status to police following his arrest, and that Petitioner had previously been both deported *and* convicted of illegal re-entry on multiple occasions prior to illegally re-entering the United States once again in 2010. As criminal convictions are "simply not the kind of thing that one forgets," "absent a reason to conclude otherwise, a jury will usually find that a defendant *knew*" of the status underlying his convictions. *Greer*, 141 S. Ct. at 2097. Given Petitioner's repeated deportations and convictions for illegal re-entry, Petitioner's admissions during custodial interviews, and Petitioner's acknowledgements in his guilty plea and during his plea colloquy that he was guilty of illegally re-entering the United States, this Court cannot conclude that no reasonable juror would have found Petitioner guilty had Petitioner gone to trial. Therefore, Petitioner has failed to show either that he is actually innocent or that he was actually prejudiced by the *Rehaif* error in his guilty plea proceedings. Thus, even if

5

this Court were to assume *arguendo* that Petitioner could raise his *Rehaif* claim under *Dorsainvil*, Petitioner is not entitled to relief on that claim. Petitioner's habeas petition must therefore be denied.

## IV.   **CONCLUSION**

In conclusion, Petitioner's habeas petition (ECF No. 1) is denied. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

6